IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA      §
                              §
V.                            §
                              §   No. 3:26-cr-211-N-3
RODNEY WRIGHT, JR. (03),      §
                              §
       Defendant.             §

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE**

Defendant Rodney Wright, Jr. is charged with Kidnapping and Conspiracy to Commit Kidnapping in violation of 18 U.S.C. §§ 1201(a) and (c) in a criminal complaint filed in this district. *See* Dkt. No. 1.

On April 6, 2026, Wright appeared for a detention hearing before United States Magistrate Judge Annie Christoff in the Western District of Tennessee. *See* Dkt. No. 25 at 4. Judge Christoff denied the government's motion to detain Wright and ordered the government to release Wright on a $100,000 bond. *See id.* at 6. Wright was released subject to conditions that include travel restrictions, no contact with co-defendants, firearm restrictions, drug restrictions, location monitoring, and home detention. *See id.* at 9-13.

The government moved to revoke the pretrial release order. *See* Dkt. No. 32. The Court denied the motion, finding "that the Government has failed to establish that Wright is a flight risk or that the conditions of release imposed by Judge

-1-

Christoff will not reasonably assure the safety of any person in the community." Dkt. No. 120 at 3.

Wright has now moved to modify the conditions of his pretrial release. *See* Dkt. No. 127. He asks the Court to "permit him to leave his approved residence for local recording-studio sessions and directly related music-production meetings in the Memphis metropolitan area as part of his lawful employment, only when approved in advance by Pretrial Services and subject to [ ] safeguards." *Id.* at 5.

The government has not taken a position on the motion. *See id.* at 6.

For the reasons set out below, the Court grants Wright's Motion to Modify Conditions of Pretrial Release to Permit Local Studio Recording for Employment Purposes [Dkt. No. 127].

**Legal Standards**

Where the government does not seek pretrial detention under 18 U.S.C. § 3142, detention may only be considered on the Court's own motion "in a case, that involves – (A) a serious risk that such person will flee; or (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. § 3142(f)(2).

Where neither the government nor the Court seek pretrial detention, the Court is required to "order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court,

subject to the condition that the person not commit a Federal, State, or local crime during the period of release and subject to the condition that the person cooperate in the collection of a DNA sample from the person if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a), unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. 3142(b).

If release under Section 3142(b) on personal recognizance or an unsecured appearance bond will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, the Court is directed to release a defendant "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person – … (ii) maintain employment, or, if unemployed, actively seek employment; … (iv) abide by specified restrictions on personal associations, place of abode, or travel; (v) avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; and … (xiv) satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B); *accord United States v. Byrd*, 969 F.2d 106, 108 (5th Cir. 1992).

"The judicial officer [who set a defendant's conditions of pretrial release] may at any time amend the order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3). And, "[i]f a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court – (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for … amendment of the conditions of release; and (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release. The motion shall be determined promptly." 18 U.S.C. § 3145(a).

In setting conditions under Section 3142(c)(1), the Court's task is to identify and impose the least restrictive combination of conditions that will reasonably assure – not guarantee – the defendant's appearance as required and the safety of any other person and the community while the defendant is on release. *See United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985); *United States v. Barker*, No. 3:16-cr-516-D, 2017 WL 345643, at *13 (N.D. Tex. Jan. 24, 2017). And, so, under Section 3142(c), conditions are not "presumptively appropriate" just because "they would not cause a defendant harm or injury" – rather, any condition of release must be "part of the least restrictive combination of conditions that will reasonably assure [ ] defendants' appearances as required and the safety of any other person and the community while they are on release pending trial." *Barker*, 2017 WL 345643, at *15.

-4-

"The Bail Reform Act includes a non-exhaustive list" under 18 U.S.C. § 3142(c)(1)(B) "of additional conditions" that "may be imposed to assure appearance" or the safety of other persons or the community and includes, as a catch-all, "any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B)(i)-(xiv); *United States v. Aziz*, No. 21-40878, 2022 WL 1056102, at *3 (5th Cir. Apr. 8, 2022).

And, under Section 3142(c)(1)(B)(xiv), courts do sometimes impose conditions of pretrial release that attempt to prevent or reduce the risk that a defendant will engage in similar or related criminal activities to those charged in the complaint or indictment. *See Barker*, 2017 WL 345643, at *14.

To make all these determinations under 18 U.S.C. § 3142 regarding possible detention or release with or without conditions, the Court must consider the available information concerning the 18 U.S.C. § 3142(g) factors. *See United States v. Flores*, 53 F.4th 313, 315 (5th Cir. 2022); *United States v. Green*, 793 F. App'x 223, 225 (5th Cir. 2019); *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992); *Fassler v. United States*, 858 F.2d 1016, 1018 n.4 (5th Cir. 1988); *United States v. Parker*, 848 F.2d 61, 62 (5th Cir. 1988); *United States v. Jackson*, 845 F.2d 1262, 1264-66 (5th Cir. 1988); *United States v. Westbrook*, 780 F.2d 1185, 1189 (5th Cir. 1986).

But the Court is not required to expressly "address any specific conditions of release and why they would be inadequate." *Aziz*, 2022 WL 1056102, at *3.

## Analysis

Proper conditions of pretrial release under Section 3142(c) are not intended to punish defendants, who have not yet been convicted of or sentenced for the charged offenses at issue.

Rather, as explained above, in setting conditions under Section 3142(c)(1), the Court's task is to ascertain and "impose the least restrictive combination of conditions that the court determines will reasonably assure [a defendant's] appearance as required and the safety of any other person and the community." *United States v. Yeh*, No. 3:08-cr-96-P, 2013 WL 6568118, at *2 (N.D. Tex. Dec. 13, 2013). And the Court is directed to impose conditions that will reasonably assure – not guarantee – the appearance of the person as required and the safety of any other person and the community. *See Fortna*, 769 F.3d at 250.

In this case, the existing conditions of Wright's release require him to "continue or actively seek employment." Dkt. No. 25 at 12. And they restrict Wright to his residence "at all times except for employment" and other approved activities. *Id.*

Wright now requests that the Court permit him to access a recording studio as part of his lawful employment. *See* Dkt. No. 127 at 3. He explains that he "is employed as a recording artist with N Less Entertainment under the professional name BIG30" and "is expected to have ongoing professional obligations that include delivery of master recordings, music videos, marketing participation, promotional participation, media obligations, and related commercial-exploitation activities" and that "create a

-6-

need for access to professional recording studios and production personnel in the

Memphis area." *Id.* at 2. Wright has attached documents to his motion further

explaining these obligations. *See* Dkt. Nos. 127-2, 127-3, & 127-4.

Wright has further suggested the following safeguards to limit the proposed

modification:

- Advance approval by Pretrial Services before each studio session or production meeting;
- Written notice identifying the studio address, date, start time, end time, purpose, expected participants, employer contact, and transportation plan;
- Direct travel from the approved residence to the approved studio and direct return to the residence, with no unapproved stops;
- Full compliance with GPS/location monitoring and any check-in, verification, or curfew instructions imposed by Pretrial Services;
- No contact, direct or indirect, with co-defendants, alleged victims, witnesses, or any other person prohibited by the Court or Pretrial Services;
- No possession of firearms, destructive devices, dangerous weapons, unlawful controlled substances, or any item prohibited by the existing release conditions;
- No concerts, live performances, promotional appearances, music-video shoots involving public crowds, clubs, bars, or public events unless separately approved by the Court or Pretrial Services; and
- Authority for Pretrial Services to deny, limit, shorten, reschedule, or revoke any studio approval if Pretrial Services determines that the session is inconsistent with supervision, safety, or the Court's conditions.

Dkt. No. 127 at 4.

These additional safeguards largely mirror the existing conditions imposed on

Wright, such as travel restrictions, no contact with co-defendants, firearm and drug

restrictions, and home detention. *See* Dkt. No. 25 at 12. And allowing Wright access

to a recording studio to carry out the obligations of his employment aligns with the existing conditions, which contemplate pursuing lawful employment and, if necessary, leaving his residence to do so. *See id.*

And, so, the Court determines that permitting Wright to access a recording studio, subject to both the existing conditions and the safeguards set out above, is the least restrictive combination of conditions that will reasonably assure Wright's appearance as required and the safety of any other person and the community while Wright is on release pending trial in this case.

## Conclusion

For the reasons explained above, the Court GRANTS Defendant Rodney Wright, Jr.'s Motion to Modify Conditions of Release to Permit Local Studio Recording for Employment Purposes [Dkt. No. 127].

The Court MODIFIES the Order Setting Conditions of Release [Dkt. No. 25 at 11-14] to add the following condition:

1. Wright may leave his approved residence for local recording-studio sessions and directly related music-production meetings in the Memphis metropolitan area as part of his lawful employment, but only with advance approval from Pretrial Services.

2. For each requested studio session or production meeting, Wright must provide Pretrial Services, in the manner and by the deadline directed by Pretrial Services, the studio address, date, proposed start time, proposed end time, purpose of the session, expected participants, employer or production contact, and transportation plan.

3. Wright must travel directly from his approved residence to the approved studio or production location and must return directly to his approved

residence at the conclusion of the approved session. Wright may not make any unapproved stops.

4. Wright must comply with GPS/location monitoring and any check-in, verification, curfew, transportation, or other supervision instruction imposed by Pretrial Services.

5. Wright may not travel outside the geographic area approved by Pretrial Services.

6. Wright must not have direct or indirect contact with any co-defendant or any other person prohibited by the Court, Pretrial Services, or any existing release condition.

7. Wright must not possess firearms, destructive devices, dangerous weapons, unlawful controlled substances, or any other item prohibited by his conditions of release.

8. Pretrial Services may deny, limit, shorten, reschedule, suspend, or revoke approval for any studio session or production meeting if Pretrial Services determines that requested activity is inconsistent with the Court's release conditions, supervision requirements, safety, or Wright's compliance.

9. All other conditions of release remain in full force and effect.

SO ORDERED.

DATED: July 7, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-9-